**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07-CR-212 MAC |
| | § | |
| RICHARD LEON HOWELL (4) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 23, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On October 8, 2008, Defendant was sentenced by the Honorable Michael Schneider, United States District Judge, to a sentence of forty (40) months imprisonment followed by a three (3) year term of supervised release for the offenses of Theft or Receipt of Stolen Mail Matter and Conspiracy to Possess Fifteen or More Counterfeit or Unauthorized Access Devices with Intent to Defraud. Defendant began his term of supervision on October 8, 2008. This case was transferred to the Honorable Marcia A. Crone on November 13, 2013.

On May 25, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 175). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not leave the judicial district without permission of the Court or probation officer; (2) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable

reasons; (3) Defendant shall notify the probation officer ten day prior to any change of residence or employment; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (6) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (7) Defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of up to 180 days to commence immediately. Defendant shall abide by the rules and regulations of the center, and pay subsistence according to the U. S. Bureau of Prisons' guidelines.

The Petition alleges that Defendant committed the following violations: (1) On January 19, 2017, Defendant admitted he was working in Ft. Worth, Texas, and staying there at times. Defendant did not have prior permission from the probation officer to leave the judicial district; (2) On April 1, 2017, Defendant quit his job and has not worked regularly at a lawful occupation since that date; (3) On April 1, 2017, Defendant quit his job and failed to notify his probation officer ten days prior to his change in employment; (4) On May 8, 2017, Defendant submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test. On April 17, 2017, Defendant submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed positive test. On April 17, 2017, Defendant admitted to using marijuana. Lab results confirmed the positive drug test. On August 4, 2016, Defendant submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive drug test. On March 1,

2016, Defendant submitted a urine specimen which tested positive for methamphetamine and amphetamine. Lab results confirmed the positive test. On February 12, 2016, Defendant submitted a urine specimen which tested positive for methamphetamine. Lab results confirmed the positive test; (5) On April 6, 2017, Defendant had contact with Gun Barrel Police Department and failed to notify his probation officer within seventy-two hours of his contact with law enforcement. On March 30, 2016, Defendant had contact with a Kaufman County Constable and failed to notify this probation officer within seventy-two hours of his contact with law enforcement; (6) On March 2, 2017, Defendant failed to attend his appointment with his psychiatrist. On January 31, 2017, January 10, 2017, September 14, 2016, August 24, 2016, and August 15, 2016, Defendant failed to attend his appointment with his mental health counselor; and (7) On May 22, 2017, Defendant was unsuccessfully discharged from the residential reentry center.

At the hearing, Defendant entered a plea of true to Allegations 1, 2, and 3. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 23, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Fort Worth, if appropriate.

**SIGNED this 27th day of June, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE